# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **AMERICAN GENERAL LIFE AND ACCIDENT INSURANCE COMPANY,** | |
| Plaintiff, | **Civil Action No. 7:10-CV-00136 (HL)** |
| v. | |
| **BETTY R. JOHNSON,** | |
| Defendant. | |

## ORDER

Before the Court is the Defendant's Motion to Dismiss the Plaintiff's Complaint for Declaratory Judgment pursuant to Federal Rule of Civil Procedure 12(b)(1) (Doc. 12). The Motion is granted.

## I.  BACKGROUND

Defendant Betty R. Johnson's ("Ms. Johnson") husband, William Johnson ("Mr. Johnson"), had a life insurance policy ("the policy") with Plaintiff American General Life and Accident Insurance Company ("American General") (Doc. 1). Ms. Johnson was listed as the beneficiary. The original face amount of the policy was $100,000, but Mr. Johnson completed a policy change application on November 5, 2007 to increase the face amount to $150,000. In addition to the policy change application, Mr. Johnson completed a paramedical application on November 12, 2007. Based on Mr. Johnson's answers to the questions on the policy change and paramedical applications, the face amount increase was approved on February 5, 2008.

Mr. Johnson died on July 12, 2009. Ms. Johnson filed a claim with American General eight days later. Because Mr. Johnson died within two years of the effective date of the face amount increase to the policy, American General conducted a routine contestable investigation. After the investigation, American General paid Ms. Johnson the original $100,000 face amount of the policy, but declined to pay the $50,000 face amount increase due to its determination that Mr. Johnson made material misrepresentations on both the policy change and paramedical applications. On September 29, 2010, Ms. Johnson's counsel wrote American General a letter demanding payment of the additional $50,000, stating that a failure to do so within sixty days would result in a claim for damages. The letter stated specifically that Ms. Johnson would be entitled to "an action for the entire amount of the denied benefit as well as much as fifty percent (50%) of the denied benefit and all reasonable attorney's fees for the prosecution of the action against the Company" (Doc. 1-2).

American General then filed a Complaint for Declaratory Judgment with this Court asking for the policy to be rescinded (Doc. 1). Ms. Johnson's Answer included a counterclaim for the $50,000 unpaid portion of the policy, as well as a statutory bad faith penalty not to exceed $24,999 (Doc. 5). Thus, Ms. Johnson specified in her counterclaim that she was seeking a maximum amount of $74,999. Ms. Johnson has now filed a Motion to Dismiss American General's Complaint, which is based on diversity, for a lack of subject matter jurisdiction (Doc. 12).

## II. LEGAL STANDARD

A Rule 12(b)(1) motion may challenge jurisdiction on either a factual or facial basis. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009). Ms. Johnson's Motion is a facial attack because it is challenging whether subject matter jurisdiction was sufficiently alleged in American General's Complaint. Id. (stating that in a facial attack, "the court examines whether the complaint has sufficiently alleged subject matter jurisdiction"). In determining whether subject matter jurisdiction was sufficiently alleged by American General, the Court accepts all of the allegations in the Complaint as true. Id. (stating that courts considering a 12(b)(1) motion must view "the complaint in the light most favorable to the plaintiff and accept[] all well-pled facts alleged . . . in the complaint as true").

## III. ANALYSIS

Only certain cases can be heard by federal courts because they are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). In order to bring a claim in federal court under diversity jurisdiction, the suit must be between diverse parties and the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Both parties agree that they are citizens of different states.[1] Ms. Johnson,

---

[1] American General is a Tennessee corporation with its principal place of business in Tennessee, and Ms. Johnson is domiciled in Georgia (Docs. 1, 5). Thus, both parties are in fact citizens of different states for diversity of citizenship purposes. McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002) (stating

however, claims that the amount in controversy requirement has not been met by American General and that, as a result, this Court lacks jurisdiction to decide the conflict.

### A. Burden of Proof

When a plaintiff seeks declaratory relief, "the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." Cohen v. Office Depot, Inc., 204 F.3d 1069, 1077 (11th Cir. 2000). Ordinarily, a plaintiff's claim that the amount in controversy exceeds $75,000 is sufficient unless it appears "to a legal certainty that the claim is really for less than the jurisdictional amount . . . ." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 590 (1938). However, when the claim is for indeterminate damages,[2] "the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003).

In its Complaint, American General vaguely states that "the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs" (Doc.

---

that "[c]itizenship is equivalent to domicile for purposes of diversity jurisdiction") (internal quotations omitted); 28 U.S.C. § 1332(c)(1) (stating that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . .").

[2] A claim for indeterminate damages is defined as a claim that includes an "unspecified demand for damages." Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356 (11th Cir. 1996), *overruled on other grounds by* Cohen, 204 F.3d at 1072-77.

1). The only specifics given to justify this assertion is in reference to the letter that Ms. Johnson's counsel sent to American General prior to American General filing its Complaint. However, nowhere in Ms. Johnson's letter, or in American General's Complaint, has either party placed "any dollar amount on the various damages it is seeking . . . ." McKinnon, 329 F.3d at 808. Therefore, American General's Complaint is for indeterminate damages, and, as a result, American General must prove by a preponderance of the evidence that the claim exceeds $75,000.

### B. Amount in Controversy

There is no question that the $50,000 additional face amount is in controversy. *See* Small v. Monarch Life Ins. Co., Civil Action No. 5:09-CV-38-HL, 2009 WL 1659030, at *2 (M.D.Ga. June 15, 2009) (stating that there was no dispute that "the disability benefits in the amount of $47,040" were in dispute because they were specifically requested). The issue is whether the claimed bad faith damages and attorneys' fees are sufficient to establish the rest of the jurisdictional amount.

Under Georgia law, if an insurer, in bad faith, fails to pay a portion of a policy to a policyholder within sixty days of the policyholder demanding payment, the policyholder is entitled to as much as fifty percent of the denied benefit and all reasonable attorneys' fees. O.C.G.A. § 33-4-6 (2010). Since the denied benefit in this case was $50,000, if Ms. Johnson was awarded the maximum amount allowed for a bad faith penalty, she would receive an extra $25,000 in damages.

Assuming that Ms. Johnson would also be awarded the entire $50,000 for the denied benefit, then the combined damages would amount to $75,000, and an additional dollar awarded in attorneys' fees is all that would be required to meet the amount in controversy minimum and satisfy diversity jurisdiction. Alternatively, even if Ms. Johnson was not awarded the full $25,000 in bad faith damages, as long as her attorneys' fees and bad faith damages combined to exceed $25,000, and she was awarded the entire $50,000 in denied benefits, then the jurisdictional minimum would be met. However, American General's assertion that its Complaint satisfies the amount in controversy requirement is too speculative to give this Court jurisdiction.

Contrary to American General's summarization, the letter sent by Ms. Johnson's counsel never demanded the full amount of the available bad faith damages. Instead, the letter simply stated that Ms. Johnson would be entitled to "*as much as* fifty percent (50%) of the denied benefit . . . ." (Doc. 1-2) (emphasis added). There is no indication in the letter as to how much Ms. Johnson would actually seek in bad faith damages in an action against American General. Furthermore, American General provided no basis for calculating the bad faith penalties. Therefore, for this Court to assume that any amount would be awarded, much less the maximum amount allowed under Georgia law, would be an "impermissible speculation as to what a jury may or may not award in this case." Small, 2009 WL 1659030, at *2.

Because the amount of bad faith damages could range from a low of zero

to a high of $25,000, the amount of attorneys' fees that could be necessary to bridge the gap and reach the jurisdictional minimum cannot be determined "with any degree of certainty . . . ." Id. at *3. In addition, American General has provided no evidence whatsoever to establish a dollar amount for reasonable attorneys' fees that would be incurred by Ms. Johnson in litigating her claim.[3] Consequently, American General has failed to show by a preponderance of the evidence that its Complaint satisfies the amount in controversy and, as a result, this Court lacks jurisdiction to hear the case.

## IV. CONCLUSION

For the reasons discussed above, Ms. Johnson's Motion to Dismiss (Doc. 12) is granted.

**SO ORDERED**, this the 7th day of April, 2011.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

rms

---

[3] Although Ms. Johnson has in fact initiated a counterclaim seeking no more than $74,999, the Court did not factor the counterclaim into its consideration of whether diversity jurisdiction had been established. The Court decided against doing so because American General failed to meet the jurisdictional minimum regardless of whether the counterclaim was considered, and because the propriety of such a consideration has been questioned. McKinnon, 329 F.3d at 808 n.3 (stating that the Supreme Court's decision in Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 81 S.Ct. 1570 (1961), which held that the amount in controversy was satisfied in a declaratory judgment action where the defendant's counterclaim satisfied the jurisdictional minimum but the plaintiff's claim did not, has been criticized because of the problems of discerning a legal principle from the case).